UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GARY GENTRY,

        Plaintiff,                          Case No.

v.                                      Hon.

MEDALLION MANAGEMENT, INC.,
a Michigan corporation, and PORTAGE
HEARTHSIDE LIMITED DIVIDEND
HOUSING ASSOCIATION LIMITED
PARTNERSHIP, a Michigan limited
partnership,

        Defendants.

William F. Piper (P38636)
WILLIAM F. PIPER, PLC
Co-Counsel for Plaintiff
1611 W. Centre Ave., STE. 209
Portage, Michigan, 49024
(269) 321-5008
Email: wpiper@wpiperlaw.com

Mechelle A. Woznicki (P-81638)
WOZNICKI LAW PLC
Counsel for Plaintiff
1918 W. Milham Avenue
Portage, Michigan 49024-1232
(269) 692-5244
Email:mechelle@woznickilaw.com

## **COMPLAINT**

Plaintiff Gary Gentry, by his counsel, for his Complaint against Defendants Medallion Management, Inc. and Portage Hearthside Limited Dividend Housing Association Limited Partnership, states as follows:

### *GENERAL ALLEGATIONS*

### *The Parties*

1.      Plaintiff Gary Gentry ("Plaintiff" or "Gentry") is a natural person domiciled in, and a resident of, the City of Portage, County of Kalamazoo, and State of Michigan.

2.      Defendant Medallion Management, Inc. ("Medallion"), on information and belief, is a Michigan corporation with Thomas Penland serving as its resident agent and with its principal place of business and registered office located at 834 King Highway, Suite 100, Kalamazoo, MI 49001.

3.      Defendant Portage Hearthside Limited Dividend Housing Association Limited Partnership ("Hearthside"), on information and belief, is a Michigan limited partnership with Marvin D. Veltkamp serving as its resident agent and with its principal place of business and registered office located at 834 King Highway, Suite 100, Kalamazoo, MI 49001.

### *Jurisdiction*

4.      This cause of action arises as a result of Medallion and Hearthside's (collectively "Defendants") racial discrimination against Gentry, in violation of the Civil Rights Acts of 1866 and 1870, 42 U.S.C. §§ 1981 & 1982 ("Sections 1981 & 1982"), which prohibits discrimination on the basis of race or color with respect to the formation of contracts or agreements relating to real estate transactions.

5.      This cause of action also arises under Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d *et seq.* ("Title VI"), which prohibits discrimination on the basis of race or color with respect to programs and activities receiving federal financial assistance.

6.      This cause of action also arises under the Fair Housing Amendments Act of 1988 ("FHAA"), 42 U.S.C. § 3604, which, like Sections 1981 & 1982 and Title VI, prohibits discrimination in renting on grounds of race or color.

7.      The Court has jurisdiction of this action under the FHAA, pursuant to 42 U.S.C. § 3613; as action involving a federal question arising under the laws of the United States, pursuant to 28 U.S.C. § 1331; and as an action under an Act of Congress in protection of civil rights, pursuant to 28 U.S.C. § 1343.

8.      This cause of action also arises under the fair housing provisions of the Michigan Elliot Larsen Civil Rights Act, M.C.L. §§ 37.2101-37.2804 ("ELCRA"), which, like Sections 1981 & 1982, Title VI, and the FHAA, prohibits discrimination in real estate related transactions on grounds of race or color.

9.      The Court has supplemental jurisdiction of Plaintiff's ELCRA claim.

10.      The same standards of proof and liability for Plaintiff's claims under Sections 1981 & 1982, Title VI and the FHAA apply to Plaintiff's claims under the ELCRA.

11.      There are no administrative prerequisites to the filing of this action by Plaintiff.

12.      Additionally, Plaintiff's complaint is timely, as filed within the applicable two- and three-year statutes of limitations periods, respectively, applicable to their claims under Sections 1981 & 1982, Title VI and ELCRA and under the FHAA, respectively, following Defendant's most recent violation or continued violation of Sections 1981 & 1982, Title VI, the FHAA and the ELCRA.

***Venue***

13.    At all relevant times, Defendant conducted business, and engaged in the rental of residential dwellings and/or real estate related transactions in the County of Kalamazoo, and State of Michigan, including the ownership and/or management of an apartment complex located at 7566 Currier Dr., Portage, MI 49002.

14.    Venue is appropriate, under 28 U.S.C. § 1391(b), since Defendants reside in this District, a substantial part of the events giving rise to this action occurred in this District and/or the residential rental property that is the subject of this action is located in this District.

### *Plaintiff's Education and Work Background*

15.    Plaintiff has four college degrees. Plaintiff obtained Bachelor's Degrees in Engineering and Earth Science in 1980.

16.    In addition to his Bachelor's Degrees, Plaintiff obtained a Master's Degree in Engineering in 1981 and a Master's Degree in Education in 2008.

17.    Following graduation, Plaintiff, from 1981 to 1999, worked as a contractor and engineering consultant as numerous sites nationwide, including, but not limited to, GE (Boston), Northrup (Los Angeles) and various U.S. Department of Defense Installations throughout the nation.

18.    From 2001 to 2011, Plaintiff worked as an instructor, tutor and coordinator in various employment and volunteer capacities including, but not limited to, Kalamazoo County Jail and juvenile facilities, Kalamazoo Public School District, GED/adult education programs, Kalamazoo Regional Education Service Agency and Western Michigan University.

***Plaintiff's Need for Housing Near His Medical Treatment***
***Facility, Drug Stores and Related Services***

19.    Plaintiff is currently being treated for bone, liver and pancreatic cancer.

20.    Plaintiff receives monthly SSDI benefits in the amount of approximately $1,350.

21.    Though disabled, Plaintiff weekly tutors in mathematics and science at Portage Community College ("PCC").

22.    Plaintiff resides in the Golden Tree Apartments in Portage, Michigan.

23.    For numerous reasons, Plaintiff sought to live at Hearthside Apartments. Hearthside Apartments are located closer than the Golden Tree Apartments to the Borgess Medical Center where Plaintiff obtains monthly cancer treatments.

24.    The Hearthside Apartments are also closer than the Golden Tree Apartments the PCC where Plaintiff weekly volunteers as a tutor; closer to Walmart and Walgreens where Plaintiff obtains prescription medications; closer to a library where Plaintiff uses computer, internet and fax services; closer to friends and acquaintances of Plaintiff who live in the area; across the street from Plaintiff's senior citizen programs at the Portage Senior Center; closer to Meijer and Walmart stores where Plaintiff shops for groceries and other products; close to Plaintiff's church; and across the street from the Portage District Library and adjacent to the Portage Creek Bicentennial Park Trail.

***Plaintiff's Application to Rent a Unit***
***at the Hearthside Apartments***

25.    Beginning approximately three or four years ago, Plaintiff contacted Hearthside Apartments seeking to rent an apartment unit.

26.    On information and belief, Hearthside Apartments is an apartment complex consisting of 160 units.

27.    On information and belief, Hearthside Apartments was built at least in part through financing under the Low-Income Housing Tax Credit program. As a result, Hearthside Apartments, on information and belief, provides apartments for low-income households, offering subsidized housing units for renters with incomes as low as 30% of the Area Median Income ("AMI"), if not as low as 15% of AMI.

28.    Defendants' agent on two occasions discussed Plaintiff's income and the cost of renting a unit at Hearthside Apartments. Defendants' agent informed Plaintiff that Plaintiff was qualified to rent a unit, but that there were currently no openings for renting an apartment unit.

***Defendants' Racial Discrimination Against Plaintiff***

29.    Plaintiff is Black or of African-American descent.

30.    After seeking to rent a unit at the Hearthside Apartments, Plaintiff was informed by Defendants' agent that he had been placed on a waiting list and should wait to hear back as to the status of his application.

31.    After applying to rent a unit at the Hearthside Apartments, Plaintiff followed up every three to four months to determine the status of his request to rent an apartment

6

unit and to inquire as to whether there was anything he needed to update to be able to rent a unit at the Hearthside Apartments.

32.    Plaintiff also made sure that Defendants had his correct telephone number. Plaintiff has used the same telephone number for the last six years.

33.    Each time Plaintiff contacted Defendants, Plaintiff was told that there was nothing else that he needed to do and that he should expect to be contacted as soon as a unit became available.

34.    During this period, Plaintiff had a friend who, like Plaintiff, is Black or of African-American descent. This friend, like Plaintiff sought to rent an apartment unit at the Hearthside Apartments but was repeatedly told, over a period of several years, that she remained on the waiting list and should expect to be contacted as soon as a unit became available. Like Plaintiff, she also checked periodically on the status of her application.

35.    Approximately a year and a half ago, a White or Caucasian woman in a next-door condominium unit from Plaintiff informed Plaintiff that she had sought to rent an apartment unit at the Hearthside Apartments.

36.    The White or Caucasian woman in a next-door condominium unit from Plaintiff applied for a unit after Plaintiff had applied and, as such, should have been behind Plaintiff on the waiting list.

37.    On at least two occasions, however, Defendants informed the White or Caucasian woman that an apartment unit at the Hearthside Apartments had become available and offered her an apartment unit for rental.

38.    While twice offering the White or Caucasian woman the opportunity to rent an apartment unit at the Hearthside Apartments, Defendants left Plaintiff, and Plaintiff's friend of Black or of African-American descent, on the waiting list without informing Plaintiff that an apartment unit had become available for him to rent.

### *The Fair Housing Center's Testing*

39.    After learning that Defendants offered the White or Caucasian woman living across the hall from Plaintiff the opportunity to rent an apartment unit at the Hearthside Apartments, Plaintiff, in October 2017 submitted a complaint with the Fair Housing Center of Southwest Michigan ("FHC").

40.    The FHC subsequently sent two testers, one Black or of African-American descent and the other White, to inquire as to the availability of a one-bedroom apartment at the Hearthside Apartments for their senior relative.

41.    During the tests, Defendants' rental agent, among other things, told the White tester that although the waiting list was lengthy, they had a unit that was available that could be held from being offered to anyone else. Defendants' rental agent informed the White tester to call back the following Monday to hold the apartment.

42.    Defendants' rental agent, among other things, told the Black tester that the waiting list was lengthy, and that Hearthside Apartments had to rent units in order based on the date that persons went on the waiting list. Defendants' rental agent informed the Black tester to call back the following Monday to be placed on the waiting list.

### *Injuries and Damages*

43.    Because of Defendants' discriminatory actions, Plaintiff has incurred economic losses and damages. Plaintiff's economic losses and damages include, but are not necessarily limited to, increased housing or transportation expenses.

44.    Plaintiff has also suffered non-economic injuries, such as embarrassment, humiliation, anxiety, loss of personhood and civil rights, and other personal injuries because of Defendant's discriminatory actions.

45.    Additionally, Plaintiff suffered loss housing opportunity as the Hearthside Apartments, as noted above, are closer to where Plaintiff receives medical treatment, obtains prescription medications, shops for food and other items, and engages in various social, volunteer and religious activities.

46.    Plaintiff also turned down an opportunity to rent at Centre Meadows, 1503 East Centre Avenue, Portage, MI 49002, based on the false representations of Defendants that he would obtain a more favorable apartment unit at Hearthside Apartments.

47.    Further, the acts, conduct and/or omissions of Defendant with respect to Plaintiff was and continues to be intentional, malicious, and in wanton or reckless disregard of the rights and feelings of Plaintiff and others of their race or color, entitling Plaintiff to an additional award of punitive and/or exemplary damages.

### COUNT I
### VIOLATION OF SECTIONS 1981 & 1982

48.    Paragraphs 1 through 47 of the Complaint are incorporated and restated as if set forth fully herein.

9

49.     Defendant's actions in discriminating on grounds of race or color denied Plaintiff the rights to which he was entitled to contract for and otherwise engage in housing-related transactions, in violation of 42 U.S.C. §§ 1981 & 1982, resulting in economic and non-economic injuries and damages to Plaintiff as set forth above.

### COUNT II
### VIOLATION OF TITLE VI

50.     Paragraphs 1 through 49 of the Complaint are incorporated and restated as if set forth fully herein.

51.     Defendant's actions in discriminating against Plaintiff on grounds of race or color violated Title VI,  resulting in economic and non-economic injuries and damages to Plaintiff as set forth above.

### COUNT III
### VIOLATION OF THE FHAA

52.     Paragraphs 1 through 51 of the Complaint are incorporated and restated as if set forth fully herein.

53.     Defendant's actions in discriminating against Plaintiff on grounds of race or color violated the FHAA, resulting in economic and non-economic injuries and damages to Plaintiff as set forth above.

### COUNT IV
### VIOLATION OF THE ELCRA

54.     Paragraphs 1 through 53 of the Complaint are incorporated and restated as if set forth fully herein.

55.     Defendant's actions in discriminating on grounds of race or color violate the ELCRA, resulting in economic and non-economic injuries and damages to Plaintiff as set forth above.

WHEREFORE, for all of the above reasons, Plaintiff respectfully requests that the Court grant the following relief against Defendant:

(A)     Enter a declaratory judgment that the actions of Defendant are discriminatory and illegal on grounds of race or color under the Sections 1981 & 1982, Title VI, FHAA and/or the ELCRA;

(B)     Preliminarily and permanently enjoin Defendant, and its agents, employees and successors, and all other persons in active concert or participation with Defendant from further racial discrimination in any aspects of their residential real estate-related transactions;

(C)     Grant affirmative relief as may be necessary to remedy Defendant's past discriminatory practices and decisions and to insure Defendant does not discriminate on grounds of race or color in the future;

(D)     Award actual and compensatory damages to compensate Plaintiff for economic losses and damages, and non-economic injuries, such as emotional distress, loss of civil rights, and humiliation and embarrassment caused by the discrimination of Defendant, in an amount to be proven at trial;

(E)     Grant Plaintiff an award of punitive and/or exemplary damages as a result of Defendant's deliberate, intentional, overt, willful and flagrant racial discrimination, in an amount that reflects the dual purposes of punishment and deterrence;

(F)     Grant Plaintiff an award of attorney fees, costs, and pre-judgment and post-judgment interest incurred in bringing this action; and

(G)     Grant such other and additional relief that the Court finds just and appropriate under the circumstances.

Respectfully submitted,

WILLIAM F. PIPER, PLC
Co-Counsel for Plaintiff

By: */s/ William F. Piper (P-38636)*
1611 W. Centre Ave., STE. 209
Portage, Michigan, 49024
(269) 321-5008
Email: wpiper@wpiperlaw.com

and

WOZNICKI LAW PLC
Counsel for Plaintiff

By: */s/ Mechelle A. Woznicki (P-81638)*
1918 W. Milham Avenue
Portage, Michigan 49024-1232
(269) 692-5244
Email:mechelle@woznickilaw.com

Dated: July 11, 2018